## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____

HESS DELL JOINER (Stella),

vs.                           Plaintiff,                           DECISION AND ORDER
                                                                   02-CV-6520 CJS

AMERICAN RED CROSS,

                              Defendant.

_____


In a July 22, 2004 Decision and Order, the Court granted defendant's motion for

summary judgment. On July 25, 2005, the United States Court of Appeals for the

Second Circuit affirmed the Court's decision stating, "[f]or substantially the reasons

stated by the District Court, [defendant]'s motion for summary judgment was

appropriately granted." _Joiner v. Am. Red Cross_, No. 04-4818-CV, 144 Fed. Appx. 896

(2d Cir. Jul. 25, 2005).

On December 5, 2005, plaintiff filed a Notice of Motion with this Court seeking "an

order of reconsideration." In her supporting papers, she alleges that defendant

committed fraud upon the Court of Appeals and this Court. Inasmuch as the time for

asking the Court of Appeals for a panel rehearing has passed, _see_ Fed. R. App. P. 40,

and she is alleging fraud, the Court considers her motion to be made pursuant to

Federal Rule of Civil Procedure 60(b).

In support of her application, plaintiff submits that defendant's statement that she

was given a "final written warning" was untrue. The statement to which she refers is

contained in Exhibit 1 attached to her motion. That submission was not provided to the

Court in connection with the summary judgment motion.  According to counsel for the defendant that it is a page from their brief on appeal. Moreover, plaintiff's contentions concerning a written warning were discussed by the Court in its summary judgment decision and the Court's findings in that regard were not disturbed on appeal. Reviewing the other exhibits plaintiff submitted in support of her application for reconsideration, the Court finds another that appears to be from the appellate case. Specifically,  Exhibit 10 refers to contentions contained in defendant's appellate brief. To the extent that plaintiff's supporting memorandum of law contains references to her Local Rule 56 Statement of Facts Appendix, the Court considered those exhibits in its initial decision and finds no basis for reconsideration now. The remainder of plaintiff's memorandum in support of her motion for reconsideration reargues the same issues that were carefully considered by the Court when it issued the summary judgment decision in 2004.

Since it clearly appears to the Court that plaintiff's motion for reconsideration raises allegations of fraud only with regard to defendant's statements on appeal, the Court does not find those allegations to be a valid basis for relief under Rule 60(b). Rather, plaintiff must look to the Court of Appeals for the relief she seeks. Accordingly, plaintiff's motion (# 41) is denied.

IT IS SO ORDERED.

Dated: December 6, 2005
          Rochester, New York

ENTER.

*Charles Siragusa*

CHARLES J. SIRAGUSA
United States District Judge